**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ANGELA M. BLYTHE,**<br><br>    **Defendant.** | Case No. 1:14-cr-00591-WDQ |

**MEMORANDUM IN SUPPORT OF
MOTION TO STAY IMPRISONMENT PENDING APPEAL**

Defendant Angela Blythe respectfully submits this Memorandum in support of her Motion to Stay Imprisonment Pending Appeal pursuant to Fed. R. Crim. P. 38.

**I.   INTRODUCTION**

The Court should stay Ms. Blythe's imprisonment pending appeal for two independent reasons.

First, she qualifies for release pending appeal under 18 U.S.C. § 3143(b) because she is not likely to flee or pose a danger to the safety of others or the community and her appeal will raise substantial questions of law and fact likely to result in reversal or an order for a new trial. Ms. Blythe intends to at least argue on appeal that (1) the admission of evidence that she represented Samuel VanSickle in a suit against him for civil fraud in a real estate transaction and his deposition testimony from the suit was an abuse of discretion that prejudiced her and (2) the government did not present sufficient evidence that she acted knowingly or with the intent to defraud for each of the four counts for which she was convicted. Both of these arguments present a close question that would require reversal or a new trial if decided in her favor.

Second, detaining her on her scheduled self-reporting date—February 22, 2016—will likely cause her to serve the better portion of her prison sentence before her case is resolved on

1

appeal and thus substantially diminish the benefit she would ordinarily receive from an appeal if successful. In such circumstances, courts have granted stays of imprisonment even when the defendant cannot satisfy the conditions for release under 18 U.S.C. § 3143(b).

## II. BACKGROUND

On December 16, 2014, a federal grand jury indicted Ms. Blythe for conspiracy to commit bank fraud, bank fraud, and false statements to a bank. (ECF No. 1.) On August 3, 2015, Ms. Blythe moved *in limine* to exclude any reference to her prior representation of Mr. VanSickle—Ms. Blythe's alleged co-conspirator—and Mutual Trust Contracting in a suit against them for civil fraud involving a real estate transaction, *Curran v. VanSickle*, No. 11-C-98-005527 (Md. Cir. Ct. for Garret County) and Mr. VanSickle's deposition testimony from *Curran*. (ECF No. 21.) The government opposed that motion (ECF No. 29), and Ms. Blythe filed a reply in support (ECF No. 41). On September 29, 2015, the Court decided to "defer ruling on this motion" because, at that time, "the motion *in limine* involved questions of relevance and prejudice concerning speculative statements that the Court is unable to determine until the context of trial." (ECF No. 55 at 12-13.) Ultimately, the Court admitted the Civil Complaint, Docket Sheet, and a redacted transcript of Mr. VanSickle's deposition from *Curran* as exhibits during trial. (ECF No. 76 at 1.)

After a nine-day jury trial, the jury found Ms. Blythe guilty of conspiring to commit bank fraud, bank fraud, and two counts of making a false statement to a bank. (ECF No. 71.) On December 16, 2015, the Court sentenced Ms. Blythe to a term of imprisonment of twelve months and one day and ordered her to self-report on February 22, 2016. (ECF No. 95 at 2.)

Two days later, Ms. Blythe filed notice that she was appealing the Court's judgment to the United States Court of Appeals for the Fourth Circuit. (ECF No. 97.) The Fourth Circuit opened the appeal on December 23, 2015 (ECF No. 99) and appointed Philip Urofsky of

2

Shearman & Sterling LLP as CJA counsel to represent Ms. Blythe on appeal on January 8, 2016 (ECF No. 100). To prepare for Ms. Blythe's appeal, Mr. Urofsky ordered the transcripts of the entire nine-day jury trial and sentencing, but the transcripts will not be ready until April 1, 2016. (ECF No. 101 at 1.)

Ms. Blythe now files this motion to stay her imprisonment pending her appeal.

### III.  ARGUMENT

#### A.  The Court Should Stay Ms. Blythe's Imprisonment Because She Should Be Allowed to Remain on Release Pending Appeal

Under Fed. R. Crim. P. 38(b)(1), a "court must stay a sentence of imprisonment" "if the defendant is released pending appeal." 18 U.S.C. § 3143(b) provides that a defendant may remain on release pending appeal if the court finds: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay" but rather "raises a substantial question of law or fact likely to result in … reversal [or] … an order for a new trial."[1]  Ms. Blythe satisfies both requirements.

##### 1.  Ms. Blythe is not likely to flee or pose a danger to the safety of any other person or the community if released

Ms. Blythe is not likely to flee if the Court continues her release pending appeal. Ms. Blythe: (1) appeared in Court for her arraignment on a summons (ECF No. 86 at 2); (2) has been released on personal recognizance since February 20, 2015 (*id.*); (3) "has kept all court appearances" (*id.* at 22); (4) "has been in compliance with all terms and conditions of her pretrial release" (*id.* at 4, 22); (5) lives near most of her immediate family, including her parents (*id.* at 12); (6) now works for her son as a paralegal (*id.* at 14); (7) has a negative cash flow (*id.* at 14,

---

[1] 18 U.S.C. § 3143(b)(1)(B) also allows for two other outcomes to support release pending appeal that are inapplicable here: "a sentence that does not include a term of imprisonment" and "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

15); (8) has surrendered her passport (ECF No. 11); and (9) has been ordered to report for her term of imprisonment on February 22, 2016 (ECF No. 95 at 2).

Nor does Ms. Blythe pose a danger to the safety of any other person or the community if released. Ms. Blythe has: (1) never been convicted of, charged with, or alleged to have committed any crime of violence (ECF No. 86 at 11, 12); (2) no criminal record apart from the convictions at issue in this case (*id.*); (3) no mental health issues (*id.* at 13); (4) no history of drug use or alcohol abuse and "a low risk of substance abuse" (*id.*); and (5) "surrendered her license to practice law," preventing her from repeating the same behavior for which she was convicted (*id.* at 14, 21).

Indeed, as the Probation Department concluded in the Presentence Investigation Report— a finding that was not challenged by the government at sentencing, "Angela Blythe is not viewed as a flight risk or a danger to the community." (*Id.* at 22.)

### 2. Ms. Blythe's appeal raises substantial questions of law and fact likely to result in reversal or an order for a new trial

Under the second prong of 18 U.S.C. § 3143(b), a defendant must show that her appeal is not for the purpose of delay but rather presents a question that is both "substantial" and, "if decided in [her] favor, … important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991). A "substantial question" is merely "a 'close' question or one that very well could be decided the other way." *Id.* A court need not "conclude that its own order is likely to be reversed." *U.S. v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). Instead, a court needs to conclude only that if its ruling were reversed, the appellate court "would likely order a new trial." *Steinhorn*, 927 F.2d at 196.

4

Ms. Blythe and both her trial and appellate counsel submit that her appeal is not for the purpose of delay but rather raises at least two close questions that, if decided in her favor on appeal, would require reversal or an order for a new trial. Ms. Blythe believes that she also might be able to raise other substantial questions on appeal but that she will not be able to assess the grounds or substantiality of those questions until she and her appellate counsel can review the transcript of the jury trial, which will not be ready until April 1, 2016.

      **a)**     **The admissibility of evidence from the *Curran* civil fraud case presents a close question that, if decided in Ms. Blythe's favor, would require a new trial**

Ms. Blythe intends to argue that the admission of evidence that Ms. Blythe represented Mr. VanSickle in a suit against him for civil fraud in a real estate transaction—*Curran*—and Mr. VanSickle's deposition testimony from *Curran* was an abuse of discretion that prejudiced her.

Whether admitting the evidence of Ms. Blythe's involvement in *Curran* and Mr. VanSickles's deposition testimony was an abuse of discretion is a close question that could be decided the other way. Rule 403 of the Federal Rules of Evidence allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury." Although "the decision whether to admit evidence under this rule is one left to the sound discretion of the trial court," the Fourth Circuit "must reverse" the decision "when, after review of the record," it is "left with a firm conviction that an abuse of discretion has occurred that has worked to the prejudice of a defendant." *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990). In justifying its intent to offer this evidence, the government argued that Ms. Blythe's "knowledge and intentions will be the key decision for the jury" and that the deposition testimony from *Curran* qualified "as proof of the state of mind and knowledge of" Ms. Blythe because Mr. VanSickle made the arguments in her presence. (ECF No. 29 at 1.) Ms. Blythe, however, intends to argue that the

5

government's claim as to the probative value of Mr. VanSickle's testimony is grossly exaggerated and any value was substantially outweighed by the highly prejudicial impact of the government's argument that Ms. Blythe knew Mr. VanSickle was a fraudster because she defended him against civil fraud.

Any probative value from Mr. VanSickle's statements is small. The deposition testimony read into evidence showed that Ms. Blythe defended a deposition where Mr. VanSickle said that he formed a company called Mutual Trust Contracting—not one of the companies at issue in this case—for "privacy" reasons and that he did not like to own land in his own name because it would then be listed on property tax records. These statements do not show that Ms. Blythe knew that Mr. VanSickle routinely used corporate entities (or false aliases) to commit fraud or that he used corporate entities or false identities in the settlements at issue. Indeed, his statements describe behavior that people routinely use in real estate transactions to limit liability and receive certain tax benefits.

When coupled with the knowledge that Mr. VanSickle made these statements while defending against a civil fraud suit, the admitted evidence is unfairly prejudicial. "Unfair prejudice" means that there is "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Id.* at 158. Ms. Blythe's knowledge that Mr. VanSickle once used the company Mutual Trust to conduct a real estate transaction, generally preferred to use companies to conduct real estate transactions, and was accused of civil fraud is unrelated to the critical issue before the jury: whether she knew that the fictitious people were in fact fake and were aliases used by Mr. VanSickle. The obvious purpose of offering this evidence was to persuade the jury that she had to know the fictitious people were creations of Mr. VanSickle because she must have known he was a fraudster due to

6

her representation of him in *Curran* and the statements he made in the course of that representation. This connection, however, is so tenuous and unsupported by the actual facts that any inference drawn by the jury—or urged by the government—was improper and unfairly prejudicial.

If the Fourth Circuit accepts Ms. Blythe's argument that the admission of the *Curran* evidence was an abuse of discretion that unfairly prejudiced her, the Fourth Circuit will reverse each of her convictions. *See, e.g.*, *id.* at 159 (reversing defendant's gun charge convictions because "the trial court erred under Fed. R. Evid. 403 in admitting the drug courier testimony").

### b) The sufficiency of the evidence against Ms. Blythe presents a close question that, if decided in her favor, would require reversal

Ms. Blythe also intends to argue that the evidence presented by the government was insufficient to support each of her convictions.

Whether the government's evidence was sufficient to support Ms. Blythe's convictions raises at least a close question that could be decided the other way. When reviewing a sufficiency of the evidence challenge, the Fourth Circuit "inquire[s] whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt," "view[ing] the evidence in the light most favorable to the government." *United States v. Lentz*, 383 F.3d 191, 199 (4th Cir. 2004). Each of the crimes for which Ms. Blythe was convicted includes an element requiring the government to show either that Ms. Blythe acted knowingly or with intent to defraud. *See, e.g.*, *United States v. Obilo*, 408 F. App'x 698, 699 (4th Cir. 2011) (explaining that the elements of conspiracy include a "knowing and willing participation by the defendants in the agreement" to commit an illegal act); *United States v. Adepoju*, 756 F.3d 250, 255 (4th Cir. 2014) (explaining that the elements of bank fraud include showing that "the defendant knowingly executed or attempted a scheme or artifice to defraud a financial institution" and "did

7

so with intent to defraud"); *United States v. Sparks*, 67 F.3d 1145, 1151 (4th Cir. 1995) (explaining that the elements of false statement to a bank include showing "that the defendant made the false statement knowingly"). Ms. Blythe intends to argue that the government did not present enough evidence for the jury to find that she acted knowingly or with the intent to defraud beyond a reasonable doubt. For example, Ms. Blythe believes that the prosecution did not present sufficient evidence that she knowingly conspired with Mr. VanSickle, intended to defraud a financial institution, knew that some of the parties in the closings she settled did not exist, or knew that Mr. VanSickle used aliases when conducting real estate transactions.

If the Fourth Circuit accepts Ms. Blythe's argument that the government did not present sufficient evidence that she acted knowingly or with the intent to defraud for each of the four counts, the Fourth Circuit will reverse those convictions. *See, e.g.*, *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) ("[W]e shall reverse a verdict if the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt."); *United States v. Cone*, 714 F.3d 197, 213 (4th Cir. 2013) (vacating conviction on count of criminal counterfeiting because "the evidence was insufficient as a matter of law").

**B.     The Court Should Independently Stay Ms. Blythe's Imprisonment Because She Will Likely Serve the Better Portion of Her Prison Sentence Before This Case Is Resolved On Appeal If She Is Detained**

Even when the defendant has not satisfied the conditions for release under 18 U.S.C. § 3143(b), courts have also stayed a defendant's term of imprisonment pending her appeal when there are extenuating circumstances that compel the creation of an exception, including "[m]ost importantly, [when,] if detained pending appeal, defendant will likely serve the better portion of his … term of incarceration before his case is resolved" on appeal. *United States v. McManus*, 651 F. Supp. 382, 383-84 (D. Md. 1987) (finding extenuating circumstances to support release pending appeal, even though the appeal did "not satisfy the conditions for release," because

8

"defendant [would] likely serve the better portion of his two-year term of incarceration before his case is resolved"); *see also United States v. Vanleen*, No. 3:07-CR-27, 2013 WL 868534, at *2 (N.D.W. Va. Mar. 7, 2013) (staying defendant's term of imprisonment pending appeal, even when "the Defendant's motion [did] not satisfy the conditions for release required by the statute," because "Defendant will likely serve the entire three month term of imprisonment before his case is resolved by the Fourth Circuit Court of Appeals"). These courts reason that there is "little point to an appeal if the defendant will serve his time before a decision is rendered." *McManus*, 651 F. Supp. at 384. Indeed, section 3143(b) itself recognizes the merit of this argument, providing as an alternative basis for release if an appeal is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served *plus the expected duration of the appeal process*." 18 U.S.C. § 3143(b) (emphasis added).

There will be little point to Ms. Blythe's appeal if she must report for her term of imprisonment on February 22, 2016 because she will serve the better part of her twelve month and a day term before the Fourth Circuit renders a decision on her appeal. In counsel's experience, an appeal with the Fourth Circuit Court of Appeals typically takes several months from inception to resolution by the Fourth Circuit. Here, the Fourth Circuit has ordered the court reporter to prepare and file the transcript with this Court on April 1, 2016. (ECF No. 101 at 1.) The district clerk must then certify to the circuit clerk that the record on appeal is complete (Fed. R. App. P. 11(c)), and the Fourth Circuit will then file a briefing order (4th Cir. Loc. R. 31(b)). Once the Fourth Circuit files the briefing order, Ms. Blythe will have thirty-five days to file her opening brief; the government will have twenty-one days to respond; and Ms. Blythe will have ten days to file her reply brief. (4th Cir. Loc. R. 31(a).) The Fourth Circuit may then schedule an oral argument, typically for thirty days thereafter, but because of the Fourth Circuit's summer

recess, such argument is more likely to be scheduled in September or even October of this year if not later. (*See* http://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar.) After the oral argument, several more months could pass before the Fourth Circuit renders a decision. As a result, forcing Ms. Blythe to start serving her term of imprisonment on February 22, 2016 would likely cause her to serve virtually all of her sentence before receiving a judgment on her appeal and "could [thus] substantially diminish the benefit [s]he would ordinarily receive from an appeal." *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).

**IV.   CONCLUSION**

For the foregoing reasons, Ms. Blythe respectfully requests that the Court grant her a stay of her imprisonment pending her appeal to the Fourth Circuit. Should the Court decide to deny Ms. Blythe's request for a stay pending appeal because the Court believes that she has not shown a substantial question, however, Ms. Blythe alternatively requests that the Court stay her reporting date three months to allow her appellate attorneys to obtain the transcript due April 1, 2016 and then supplement and renew her motion after her appellate attorneys have promptly reviewed the transcript.

Dated: February 4, 2016                                   Respectfully submitted,

/s/
Andrew C. White (Bar No. 08821)
Andrew G.W. Norman (Bar No. 00242)
William N. Sinclair (Bar No. 28833)
Silverman|Thompson|Slutkin|White|LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel: 410.385.2225
Fax: 410.547.2432
awhite@mdattorney.com
anorman@mdattorney.com
bsinclair@mdattorney.com

*Counsel for Defendant Angela M. Blythe*