IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

      vs.                         *   CRIMINAL NO. MJG-14-0591

ANGELA M. BLYTHE                *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it Defendant Blythe's Motion to Stay Imprisonment Pending Appeal [ECF No. 102] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

A. INTRODUCTION

Judge Quarles conducted a nine-day jury trial in which Defendant Blythe was convicted of conspiracy to commit bank fraud, bank fraud, and two counts of making a false statement to a bank. On December 14, 2015, Judge Quarles sentenced Defendant Blythe to serve 12 months and one day on each of the four counts of conviction, to be served concurrently. Judge Quarles Ordered[1] Defendant Blythe to appear and commence serving her sentence on February 22, 2016. The docket does not indicate that Defendant Blythe filed any post-conviction motion for consideration by Judge Quarles. On December 18, 2015, Defendant Blythe filed a Notice of Appeal. Defendant Blythe did not file a motion seeking release pending the appeal for consideration by Judge

---

1     At sentencing, December 14, 2015. See ECF No. 95 at 2.

Quarles who had tried the case and was fully familiar with the issues. Rather, she waited almost two months and filed the instant motion the week after Judge Quarles retired. The undersigned judge – to whom the case was assigned following the filing of the instant motion – has considered the record and the parties' respective submissions in reaching this decision.

B.  STATUTORY REQUIREMENT

The pertinent statute, 18 U.S.C. § 3143(b)(1) provides[2] that a sentencing judge:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>     (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

2   Subject to exceptions not here relevant.

Defendant Blythe has shown, by clear and convincing evidence that she is not a flight risk and does not pose a danger to the safety of any person or the community.  The Court will assume that the appeal was not filed for purpose of delay, that is, that Defendant Blythe's counsel believe that the appeal presents nonfrivolous issues.  However, the Court does not find that the appeal raises a substantial question likely to result in reversal, a new trial, or a sentence less than the sentence imposed by Judge Quarles.

In the instant case, there are four counts of conviction and identical concurrent year and a day sentences.  Judge Quarles, over Government objection, imposed a variant sentence of a year and a day, although the Guidelines sentencing range was 46 to 57 months.  There appears to be no realistic possibility of a sentence reduction if at least one of the four convictions is affirmed.  Therefore, to provide Defendant Blythe any relief, an appeal would have to result in the appellate court's setting aside the conviction on each of the four Counts.

In the instant case, Defendant Blythe was accused of conspiring with Samuel VanSickle ("VanSickle") in regard to transactions in which VanSickle utilized entities and false identities as part of a fraud scheme.  Defendant Blythe contends that Judge Quarles committed reversible error by admitting in evidence a deposition transcript excerpt from a case in which, prior to the transactions

3

here at issue, she had represented Mr. VanSickle, then accused of fraud. In the deposition, Mr. VanSickle testified that he had formed an entity (Mutual Trust Company) for "privacy" and did not wish his ownership of certain land to be in his own name. This evidence was not unfairly prejudicial and was relevant to the Government contention that "Defendant Blythe would have had reason not to accept Van Sickle's transfers of land to Gospel Church for no consideration as true charitable donations to an independent third party charity." Govt. Memo, ECF No. 106 at 12. The Court does not find likely merit in Defendant Blythe's abuse of discretion issue.

    Defendant Blythe also states that she

> intends to argue that the government did not present enough evidence for the jury to find that she acted knowingly or with the intent to defraud beyond a reasonable doubt. For example, Ms. Blythe believes that the prosecution did not present sufficient evidence that she knowingly conspired with Mr. Van Sickle, intended to defraud a financial institution, knew that some of the parties in the closings she settled did not exist, or knew that Mr. Van Sickle used aliases when conducting real estate transactions.

Def. Memo in Support [ECF No. 102-1] at 8.

    The Court finds Defendant Blythe's conclusory statements inadequate to show that there is any substantial likelihood of an appellate court's deciding that the Government failed to present

4


evidence adequate to prove any of the charges on which she was convicted.

The Court concludes that Defendant Blythe has failed to show that she will raise an appellate issue meeting the requisites of 18 U.S.C. § 3143(b)(1)(B).

C.  THE ASSERTED "MCMANUS EXCEPTION"

Defendant Blythe contends that, even if she did not meet the criteria for release provided by Section 18 U.S.C. § 3143(b)(1)(B), the Court should nevertheless defer her reporting date.  Defendant Blythe seeks to rely on the decision of Judge Young of this Court in United States v. McManus, 651 F. Supp. 382, 383-84 (D. Md. 1987). In McManus, Judge Young stated that extenuating circumstances existed to permit release pending appeal even though the issues presented did not meet the § 3143(b)(1)(B) standard.

The defendant blithely states that "McManus is still good law" Def. Reply [ECF No. 107] at 7, and that "[e]ven when the defendant has not satisfied the conditions for release under 18 U.S.C. § 3143 (b), courts (sic) have also stayed [serving a sentence] when there are extenuating circumstances that compel the creation of an exception . . . ." Def. Memo, ECF No. 102-1 at 8 (emphasis added).

Defendant Blythe greatly overstates the precedential situation.  In the 29 years since the McManus decision, there appears

to have been only one case in which a judge referred to the McManus decision and took the same action as did Judge Young. United States v. Vanleen, No. 3:07-CR-27, 2013 WL 868534, at *2 (N.D. W. Va. Mar. 7, 2013). However, in Vanleen, the defense motion for release pending appeal was unopposed (the Government did not even respond), the case involved a 3-month sentence for a violation of conditions of supervised release, and the defendant was 89 years old with health issues typical of his age.

More significant is the decision in United States v. Scheiner, 873 F. Supp. 927 (E.D. Pa. 1995) aff'd, 61 F.3d 897 (3d Cir. 1995), in which the defendant sought to rely upon McManus. The Scheiner court stated:

> The defendant also implores this Court to grant bail pending appeal even though the issues may not be substantial, given his community ties, family responsibilities, and the relatively short length of his sentence. In support of this argument, the defendant relies on a case from the District of Maryland where the court determined that even though the defendant did not present substantial questions on appeal, the defendant had presented sufficient "extenuating circumstances," to allow him to be released on bail pending his appeal. United States v. McManus, 651 F.Supp. 382 (D. Md.), aff'd on other grounds, 826 F.2d 1061 (4th Cir. 1987), cert. denied, 484 U.S. 1046, 108 S.Ct. 784, 98 L.Ed.2d 870 (1988). The decision to afford bail to the defendant in McManus was not restrained, however, by any Fourth Circuit interpretation of § 3143(b).

> The Court is thus unwilling to fashion its own standard for determining whether bail is warranted which flies in the face of the clear language of both § 3143(b) and [United States v. Miller, 753 F. 2d 19 (3d Cir. 1985)].

Id. at 933, n. 5.

The Scheiner court's reference to the absence of any Fourth Circuit interpretation of § 3143(b) precedent at the time of the McManus decision, and the Third Circuit Miller decision is particularly meaningful.

In Defendant Blythe's reply, she states:

> Although not explicitly mentioning McManus, the Fourth Circuit itself has extended stays of imprisonment granted even though the defendant did not satisfy the requirements of Section 3143(b). See, e.g., United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991) (The District Court "denied the motion [for release pending appeal] but granted a stay of commitment, which we extended.").

Def. Reply [ECF No. 107] at 7, n.2.

Regretfully, Defendant Blythe misrepresented the action of the United States Court of Appeals for the Fourth Circuit in Steinhorn, a decision binding on the Court that is contrary to her position.

In Steinhorn, then District Judge[3] Neimeyer denied the defendant release pending appeal finding the defendant had not met the requisites of § 3143(b)(1)(B). 927 F.2d at 196. The defendant

---

3   Thereafter, a judge of the United States Court of Appeals for the Fourth Circuit.

7

appealed the denial of bail pending appeal.  The Fourth Circuit stated that "[t]he question before us concerns the proper standard for applying 18 U.S.C. § 3143(b)[1][4] and Fed. R. App. P. 9(c), which govern release on bail pending appeal." Id.  The Fourth Circuit then stated the standard:

> We adopt the procedure first announced in United States v. Miller, 753 F.2d 19 (3d Cir. 1985), and subsequently accepted by every other circuit, see United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987). In applying § 3143(b)[1] the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant. Miller, 753 F.2d at 23–24.

Id.

The Steinhorn court did not, as represented by Defendant Blythe, grant release pending appeal despite a failure of the defendant to meet the statutory standard.  Rather, it held that the standard had to be met, and was met.  Id.  It was because the defendant had met the statutory standard that the Fourth Circuit granted the defendant release pending the appeal.

---

4    In Steinhorn, the court refers to what is now § 3143(b)(1) as § 3143 (b)(2); that section now provides that detention is mandatory for defendants convicted of certain crimes.

This Court, like the judge in the Scheiner court, is unwilling to apply a standard for determining whether bail is warranted which flies in the face of the clear language of both § 3143(b) and United States v. Miller, 753 F. 2d 19 (3d Cir. 1985), a decision expressly adopted as the law of this Circuit by the United States Court of Appeals for the Fourth Circuit in Steinhorn.  This Court finds no McManus exception to § 3143(b).

D.  REQUEST FOR A SIX MONTH DEFERRAL

Defendant Blythe seeks, as an alternative to release pending appeal, a deferral of her reporting date by six months so as to facilitate her communication with appellate counsel to explain the transactions at issue.  She claims that this delay would facilitate her conferring with appellate counsel who, she states, will not receive the trial transcript until April 1, 2016.

Defendant Blythe seeks, by this request, to have the Court effectively create an exception to § 3143(b)(1) because of a purported need to confer with appellate counsel.  However, inasmuch as appellate counsel was appointed on January 8, 2016 [ECF No. 100], Defendant Blythe already has had almost a month to confer with him prior to filing the instant motion and shall be provided hereby an additional two weeks or so to do so.  Furthermore, the Court does not find justification for a delay in Defendant Blythe's reporting

date until after the trial transcript is received.  If there is, in reality, any need for appellate counsel to confer with Defendant Blythe in person after reviewing the transcript, counsel can arrange to meet with her at her place of incarceration.

E.  MODIFIED REPORTING DATE

   Pursuant to the agreed briefing schedule [ECF No. 105], briefing on the instant motion was concluded with the filing of Defendant Blythe's reply on Thursday, February 25, 2016.  The instant decision is being issued Tuesday, March 1, 2016.  The Government objects to the setting of any reporting date after Friday, March 4, 2016.

   Defendant Blythe may wish to seek reversal of this Court's denial of the instant motion and may wish to obtain a temporary stay of her reporting date pending that appeal from a panel or judge of the United States Court of Appeals for the Fourth Circuit.  Under the circumstances, the Court shall defer the reporting date to Monday, March 14, 2016.

F.  CONCLUSION

For the foregoing reasons:

1. Defendant Blythe's Motion to Stay Imprisonment Pending Appeal [ECF No. 102] is DENIED.

2. Defendant Blythe shall appear to serve her sentence by March 14, 2016.

SO ORDERED, this Tuesday, March 1, 2016.

```
                            _____/s/_____
                              Marvin J. Garbis
                          United States District Judge
```